CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 APR 11 PM 3:42

DEPUTY CLERK

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

ERIN PATTON (01)

NO. 3:13-CR-321-N

# PLEA AGREEMENT

Erin Patton, the defendant, Doug Morris, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Patton understands that she has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Patton waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information charging a violation of 18 U.S.C. § 1594(c), Conspiracy to Commit Child Sex Trafficking. Patton understands the nature and elements of the crimes to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum and minimum penalties the Court can impose for

Count One include:

a. any term of years of imprisonment up to life;

b. a fine not to exceed $250,000, or twice any pecuniary gain to Patton or loss to the victim(s);

c. a term of supervised release of up to five years, which will follow any term of imprisonment. If Patton violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. costs of incarceration and supervision; and

f. restitution.

4. **Court's sentencing discretion and role of the Guidelines**: Patton understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Patton has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Patton will not be allowed to withdraw her plea if her sentence is higher than expected. Patton fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Patton agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessments in this

case.

6. **Defendant's agreement**: Patton shall give complete and truthful information and/or testimony concerning her participation in the offenses of conviction. Upon demand, Patton shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Patton expressly authorizes the United States Attorney's Office to immediately obtain a credit report on his in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Patton fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the Defendant's full and immediately enforceable financial obligation. The Defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement**: The government will not bring any additional charges against Patton based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges underlying Indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Patton or any property.

8. **Violation of agreement**: Patton understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Patton and others, for all offenses of which it has knowledge. In such event, Patton waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Patton also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Patton waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Patton, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Patton has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Patton has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Patton has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 10th day of April, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

CHAD MEACHAM
Criminal Chief

CARA FOOS PIERCE
Assistant United States Attorney
Texas State Bar No. 24036579
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.4100

ERIN PATTON
Defendant

DOUG MORRIS
Attorney for Defendant

**CERTIFICATION**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Erin Patton
ERIN PATTON
Defendant

4-10-14
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

DOUG MORRIS
Attorney for Defendant

4.10.14
Date

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

Erin Patton — 4-10-14

ERIN PATTON — Date

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Erin Patton — 4-10-14

ERIN PATTON — Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

[signature] — 4.10.14

DOUG MORRIS
Attorney for Defendant — Date